GAUDIN, Judge.
The main issue involved in this appeal is whether the trial judge erred in dismissing this proceeding without prejudice after granting defendant’s motion for a directed verdict. The plaintiff had rested its case after calling one witness.
Appellant-defendant contends that the dismissal should have been with prejudice. We agree, holding that once a petitioner rests his case in a civil matter and the defendant moves for a directed verdict, which is granted, the trial judge shall dismiss with prejudice.
Plaintiff is the State of Louisiana, through the Department of Transportation and Development, called the Office of Highways. It filed suit against Davis Industries, Inc., contending that defendant was discharging industrial waste on a state-owned roadway (La.3154), adversely affecting drainage and endangering the motoring public.
When the case was called for trial on August 2, 1984, the State called as its first (and only) witness Robert P' Roth, Jr., the district maintenance engineer for the Office of Highways in the New Orleans area, who testified about sediment on the highway, cleanup efforts, etc. The State could not, however, prove to the trial judge’s satisfaction that the State owned the right-of-way in question. The Office of Highways’ attorney explained that he didn’t have any documentation, and added:
“I have attempted to secure that documentation, Your Honor, but it has been unavailable.”
The Office of Highways then rested its case, whereupon Davis Industries moved for a directed verdict. The trial judge granted the motion, and signed a formal judgment the following day (August 3) stating:
“... the Court, considering the motion for directed verdict made in open court by the defendant ...
“IT IS ORDERED, ADJUDGED AND DECREED that the petition of the plaintiff for recovery of damages is hereby dismissed as of non-suit and without prejudice.”
This was, obviously, an involuntary dismissal, which is governed by LSA-C.C.P. art. 1672, which reads, in pertinent part:
“In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evi *74 dence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts ar d render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
Had the Office of Highways moved for a voluntary dismissal, the trial judge would have had the discretionary right to dismiss with or without prejudice. Art. 1672 is silent with regard to a trial judge’s discretion following involuntary dismissal, but a motion for a directed verdict is not made by the defendant until the petitioner has completed presentation of its evidence and has submitted, theoretically at least, all of the testimony and evidence favorable to its side. The plaintiff, at that procedural point, has had his day in court.
An involuntary dismissal without prejudice would allow the petitioner to file another suit alleging the very same facts, and subsequently having another trial on the same issues. We do not believe that the legislature intended this and we do not believe that Art. 1672’s silence concerning a trial judge’s discretion indicates that he is in fact vested with the authority to grant a directed verdict after the plaintiff rests and dismiss the proceeding as of non-suit and without prejudice. The Office of Highways has not tendered to us any authority, statutory or otherwise, giving the trial judge this discretion.
Accordingly, we affirm the trial judge’s granting of the directed verdict, but we amend the dismissal to be with prejudice. As amended, we affirm his judgment of August 3, 1984.
The Office of Highways can, of course, file another suit if new waste has been deposited on or near Highway 3154.
AFFIRMED IN PART, AMENDED IN PART AND RENDERED.