672 So.2d 176 (1996)
Louis DAMPEER
v.
Carolyn Gould DAMPEER.
No. 96-C-0708.
Supreme Court of Louisiana.
May 3, 1996.
PER CURIAM.
Carolyn Dampeer filed a petition for permanent alimony. After she presented her evidence, Louis Dampeer moved for, and the trial judge granted, a directed verdict on the basis that Ms. Dampeer had failed to establish she was free from fault. The dismissal was with prejudice. On appeal, the fourth circuit amended the judgment to a dismissal without prejudice, although it agreed that Ms. Dampeer had failed to sustain her burden of proof on the merits.
The "directed verdict" granted by the trial judge was not a dismissal under La.C.C.P. art. 1671 made upon application of plaintiff nor was it a dismissal under La.C.C.P. art. 1672.A. which is allowed when the plaintiff fails to appear on the day set for trial, either of which allow under certain circumstances for a judgment of dismissal to be made without prejudice. Rather, this was an involuntary dismissal under La.C.C.P. art. 1672.B. which provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may *177 decline to render any judgment until the close of all the evidence.
Although this section does not explicitly state the dismissal thereunder shall be with prejudice, it is clear from the nature of the dismissal that this is correct. The basis for this involuntary dismissal is that plaintiff has not shown any right to relief upon the completion of presenting his or her case. A dismissal in this situation without prejudice would in essence give plaintiff a second chance to prove his or her case, i.e., a second bite at the apple. This was recognized by the fifth circuit in State v. Davis Industries, Inc., 472 So.2d 72, 74 (La.App. 5th Cir.1985) where a trial judge granted an involuntary dismissal under Article 1672.B. without prejudice. The court of appeal reversed, stating:
Art. 1672 is silent with regard to a trial judge's discretion following involuntary dismissal, but a motion for a directed verdict is not made by the defendant until the petitioner has completed presentation of its evidence and has submitted, theoretically at least, all of the testimony and evidence favorable to its side. The plaintiff, at that procedural point, has had his day in court.
An involuntary dismissal without prejudice would allow the petitioner to file another suit alleging the very same facts, and subsequently having another trial on the same issues. We do not believe that the legislature intended this and we do not believe that Art. 1672's silence concerning a trial judge's discretion indicates that he is in fact vested with the authority to grant a directed verdict after the plaintiff rests and dismiss the proceeding as of nonsuit without prejudice.
Based on the foregoing, the court of appeal in the instant case erred in amending the trial court judgment to a dismissal without prejudice. The trial court's judgment is reinstated.
REVERSED. TRIAL COURT JUDGMENT REINSTATED.